## John W. Bickel, Appellee, v. Emil G. Richter et al., Appellants.

## Gen. No. 14,547.

VERDICTS—*when not disturbed.* A verdict not manifestly against the weight of the evidence will not be set aside on review in the absence of errors of law.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed June 4, 1909.

I. T. GREENACRE, for appellants.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for appellee.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

On July 18, 1907, appellee, plaintiff below, filed his declaration in *assumpsit* against appellants, defendants below, wherein the *ad damnum* was laid at $1150. The defendants, at the same time, by Lawrence P. Conover, their attorney, filed their *cognovit actionem* whereby they admitted and said they could not deny the plaintiff's action, nor that the plaintiff had sustained damages on account of their non-performance of their undertakings and promises to the amount of $1111.25. Defendants, by the *cognovit,* also released all errors and agreed that no writ of error or appeal should be prosecuted. Upon this admission by the defendants the court, on the same day, rendered judgment for the amount confessed. Defendant came into court again, on July 25, 1907, and moved to set aside and vacate the judgment entered. On October 25, 1907, leave was given defendants to plead, instanter, to the declaration, but it was ordered that the judgment stand as security. In accordance with this leave given the defendants filed a plea of non-assumpsit and, by agreement, the cause was submitted for trial to the court without a jury. The court then, on December 14, 1907, found the issues for plaintiff and ordered that the judgment of July 18, 1907, stand in full force and virtue.

The original judgment appears to have been entered by authority of a warrant of attorney attached to a note signed by defendants. The note is for $1000, dated July 10, 1905, is payable to the order of Mrs. I. C. Haas two years after date and bears interest at the rate of six per cent. per annum until paid. Mrs. Haas subsequently became Mrs. Bickel, the wife of plaintiff, and died before the trial. She assigned the note to plaintiff, her husband, by an assignment somewhat out of the ordinary; but the question raised in this respect becomes immaterial in view of the disposition we make of the case upon the merits.

At the trial below the defendants contended that, although it was not endorsed upon the note, $503 had been paid to Mrs. Haas, on August 4, 1905. It is not made clear when the note was assigned to Bickel and therefore the law presumes the assignment to have been made on the day of its date. It seems to be assumed that Mrs. Haas married Mr. Bickel on August 3, 1905. The payment is claimed to have been made on August 4, 1905. No actual notice to Bickel, of the payment, is claimed. Mr. Richter testified that a day or so before August 4, 1905, that is, about three weeks after she had loaned him the money, Mrs. Bickel asked him if he could not give her $500 upon the note. He then arranged to meet her at the office of a lawyer, John Stirlen, 608 Monadnock Block, on August 4, 1905, when he would pay her that amount. At the appointed time and place they met and defendant's son, Charles B. Richter, and John Stirlen were also there. Mr. Richter testified: "I asked her for the note and she said she did not have it. She said she had put it away. I said, 'You ought to have the note;' she said, 'I have no note.' She said she would write a receipt; she said she would endorse it on the back of the note as soon as she got it." Thereupon, Mr. Richter testified, he gave Mrs. Bickel $503 and she signed and gave him a receipt, then written by him with his fountain pen, as follows:

"AUGUST 4th, 1905.

Received of E. G. Richter five hundred & Three dollars on account of note drawn July 10, 1905, and due July 10, 1907, for (1000.00)

$503.00                                    I. C. BICKEL."

Mr. Richter also testified that the $3.00 in excess of $500 were to be paid back by Mrs. Bickel, and that August 14, 1906, he paid Mrs. Bickel $60 interest. At the time he paid the interest Richter says he paid Mrs. Bickel sixty dollars, thirty dollars of which was in cash, and, as he says: "I do not know if she was at the hospital sick in bed, or whether she was at her home—that I paid her. I went there to pay her one

year's interest, which amounted to thirty dollars. When
I paid her that she said she needed more money, and
asked me for the interest on her note. I said, 'I will
give you a check for the balance.' So she said 'All
right,' and I gave her a check for the balance." The
check then given was introduced in evidence and the
face thereof is as follows:

"CHICAGO, ILL, 8/14, 1906. No.—
LIVE STOCK TRUST & SAVINGS BANK
    5425 South Halsted street.

Pay to the order of Mrs. I. E. Bickel $30.00 Thirty
dollars, interest in full on note due July 10, 1907.

                        E. G. RICHTER."

Charles B. Richter corroborated his father, as did
also John Stirlen, as to the payment of the $503. Mr.
Stirlen also testified that the receipt was written by
Mr. Richter in his, Stirlen's office, at the time of the
payment of the $503.

The payment of $500, on August 4, 1905, upon a
$1000 loan made on July 10, 1905, for a period of
two years, is a transaction somewhat out of the ordi-
nary. The payment of $503, by a man whose business
is of such extent that he keeps a bank account, with-
out having it endorsed upon the note, because the
note is absent, and this where an appointment for the
purpose of making the payment has been made, is also
out of the ordinary course of business. The payment
of thirty dollars in cash, in August, 1906, without any
receipt for that sum seems a little peculiar. The pay-
ment of $60 for interest, at that point of time, if but
$500 was then owing, does not appear quite regular
and the less so as no showing is made that Mrs.
Bickel's circumstances were such that she was in need
of cash. From what little on that subject the record
shows she does not appear to have been in need of
money. The slight discrepancies or inconsistencies
in connection with the $3 of the $503 and the point
of time, between July 10, 1905, and August 4, 1905,
for which period interest is not accounted for, should
not be entirely overlooked.

But it is clear beyond room for discussion that the paper defendants offered in evidence purporting to be a receipt for $503 is an altered instrument and that the alteration was made subsequent to the time of the original writing thereof. Indeed the experts for both sides agree upon the one fact that the instrument has been altered. This undisputed and indisputable fact seriously affects the testimony of Richter and his witnesses. Not only does it discredit Richter but it also discredits his position in the case as to having made that payment in August, 1905. There is no attempt at explanation of the changes and alterations in the supposed receipt. The original paper is here with the record and discloses clearly that the year of the date thereof has been changed from 1906 to 1905. It is not at all likely that Richter made that alteration in writing the receipt, in 1905. A printed blank was used and upon one line appears "five hundred & Three Dollars." The word "dollars" is in print at the extreme right end of the line. To the left of that word ample space remained for writing five hundred and three. Yet "Three" is about in the middle of that space, a little to the left, and that "Three" was evidently some other word, probably "Thirty," altered into "Three." The "five hundred &" is so crowded into the space to the left of the "Three" as to leave little or no doubt but that it was inserted after that word had been written at about the center of the space. It also appears as if the figure "5" in "503" had been altered from a "3" into a five and, if so, the other "3" was added. There are also other indications of alterations. Possibly a receipt for thirty dollars given in August, 1906, was changed into this receipt for $503.

We find no reason, upon this record, for interfering with the conclusions of fact arrived at by the learned trial judge.

The judgment of the court below will be affirmed.

*Affirmed.*